## No. 10,751.

### The State ex rel. Joseph Feeny vs. The Judges of the Court of Appeals, Parish of Orleans.

One thousand nine hundred and seventy-eight dollars does not exceed $2000. In taking jurisdiction over a controversy involving that amount the Court of Appeals did not usurp authority.

APPLICATION for *Certiorari* and Prohibition.

*Henry P. Dart* for the Relator.

*B. R. Forman* for the Respondents.

The opinion of the court was delivered by

BERMUDEZ, C. J.   The relator seeks a prohibition to prevent the

Court of Appeals from taking jurisdiction over a litigation in which he avers that the amount in dispute exceeds $2000.

The return is that the court is competent to pass upon the matter in controversy, which is *less* than the upper limit of its jurisdiction.

The proceedings are in partition by the relator, sole heir of his father by a first marriage, and the defendant, his third wife and surviving widow.

They relate to property said to compose the community of acquets, once existing between them.

It was agreed and admitted that the property to be partitioned was worth between $500 and $2000.

The judgment sought by the plaintiff was that he be recognized as sole heir, and entitled to half of the common property.

The widow answering, set up certain claims, which it is unnecessary to specify.

The judgment rendered by the District Court was reviewed by the Court of Appeals, and the cause was remanded.

The plaintiff then filed a supplemental petition, charging that the defendant was indebted to the community in certain ways for various amounts, and praying that the matters and things by him set up be held as fit and proper deductions and charges against her share and interest, and that the court render a full and final judgment, settling all issues between the parties.

The widow excepted and answered, defending herself and claiming $1000 as having been left in necessitous circumstances.

From the judgment rendered below an appeal was taken to the Court of Appeals; and while the case was being argued the plaintiff intimated want of jurisdiction.

The court paused and considered the objection. In an elaborate and well reasoned opinion it however overruled it, and declared its competency.

It is then that the present application for a prohibition was presented to this court.

To determine the question submitted, it suffices to say that there was no money judgment asked; that, had any been prayed for, it would have been only for half of the amount, and that had the defendant confessed the claim, the judgment could not therefore have been at most for more than $1978, which is less than $2000, within the appellate jurisdiction of the Court of Appeals.

Application refused.